UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

THOMAS MARTY, :
     Plaintiff, :
 :
v. : No. 5:17-cv-03673
 :
NANCY A. BERRYHILL, *ACTING* :
*COMMISSIONER OF SOCIAL SECURITY*, :
     Defendant :
_____

**O P I N I O N**
**Motion to Dismiss, ECF No. 8 – Granted**

**Joseph F. Leeson, Jr.**                                                                         **April 13, 2018**
**United States District Judge**

## I. INTRODUCTION

Plaintiff Thomas Marty filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking review of the Social Security Administration's denial of his application for a period of disability and disability insurance benefits. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, filed a Motion Dismiss, alleging that the Complaint is untimely. For the reasons set forth herein, the Complaint is dismissed as untimely.

## II. BACKGROUND

In August 2014, Marty filed an application for a period of disability and disability insurance benefits. Compl. ¶ 2, ECF No. 3. After the application was initially denied, Marty filed a written request for a hearing. *Id.* at ¶ 3; Exs. 3-4,[1] Mot. Dismiss, ECF No. 8-1. A hearing

---

[1] When deciding motions to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

was held in April 2016 before an administrative law judge ("ALJ"), and on June 2, 2016, the ALJ denied Marty's claim. Compl. ¶¶ 4-5; Ex. 5, Mot. Dismiss, ECF No. 8-1. Marty timely requested review by the Appeals Council, and on May 30, 2017, the Appeals Council denied his request for review. Compl. ¶¶ 7-8; Exs. 6-7, Mot. Dismiss, ECF No. 8-1.[2]

The instant Complaint, prepared by counsel, is dated August 3, 2017. *See* Compl. 5. But, it was not filed until August 7, 2017.[3] *See* ECF No. 1 (containing the date-stamped Civil Cover Sheet and related documents). On October 30, 2017, Berryhill filed a Motion to Dismiss.[4]

## III. STANDARD OF REVIEW

"Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). "However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Id.* (quoting

---

[2] The Notice of Appeals Council Action states that any civil action seeking review must be filed in the United States District Court within 60 days. Ex. 7. The letter explains: "We assume you received this letter 5 days after the date on it unless you show that you did not receive it within the 5-day period." *Id.* The letter further informs the claimant how to seek an extension of time. *Id.*

[3] The docket sheet lists the date the Complaint was filed as August 18, 2017, because it was on this date that the Court granted Marty's application to proceed *in forma pauperis*, *see* Order, ECF No. 2, but the Complaint is considered filed as of the date it was received by the Court, which was August 7, 2017.

[4] Contrary to Marty's assertion, the Motion to Dismiss is not untimely. *See* Opp. Mot. Dismiss 2, ECF No. 9. As he correctly notes, the summons and complaint were served on August 29, 2017. *See* Marshal Return, ECF No. 6; Fed. R. Civ. P. 4(1)(1)(B) (providing for service "by registered or certified mail to the Attorney General of the United States at Washington, D.C."). Marty is also correct that sixty days from the date of service was October 28, 2017, and that the Motion to Dismiss was filed on October 30, 2017. *See* Opp. 2. However, because October 28, 2017, was a Saturday, the deadline to file an answer or motion to dismiss was extended by Rule until Monday, October 30, 2017. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day for filing is "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

*Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

IV.     ANALYSIS

Section 405(g) provides that an individual may obtain review of the final decision of the Commissioner of Social Security by filing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). There is a presumption that the claimant received notice from the Appeals Council within five days from mailing. *See Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 396-97 (3d Cir. 2003). The burden is on the claimant to rebut the presumption of timely receipt. *See Garcia v. Comm'r of Soc. Sec.*, 53 F. App'x 192, 195 (3d Cir. 2002).

The sixty-day period constitutes a statute of limitations and is not a jurisdictional requirement. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The United States Supreme Court has explained that "the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government." *Id.* at 481. The limitations period must be strictly construed. *Id.* at 479.

Here, the Appeals Council denied Marty's request for review on May 30, 2017. Therefore, accounting for the five-day mailing allowance,[5] Marty's civil action had to be filed by Thursday, August 3, 2017.[6] But, it was not filed until Monday, August 7, 2017. Berryhill has moved to dismiss the Complaint as untimely.

In response to the Motion to Dismiss, Marty inexplicably refers to the Court's procedural order dated August 21, 2017, directing him to cause the summons and complaint to be served within ten days, *see* ECF No. 2, and to the tolling rules that apply while an application to proceed *in forma pauperis* is pending. *See* Opp. 3-4. These dates and rules relate to events occurring after the Complaint was filed, however, and are irrelevant to the statute of limitations inquiry.

Next, Marty's counsel alleges that he mailed the complaint and application to proceed *in forma pauperis* to the Court via certified mail on August 3, 2017. *See* Opp. 6. However, a "civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, and "filing by mail is not complete until the complaint is delivered to an officer of the court who is authorized to receive it," *Wiss v. Weinberger*, 415 F. Supp. 293, 294 n.3 (E.D. Pa. 1976).[7] The instant

---

[5] There is nothing in the Complaint to suggest that notice of the decision of the Appeals Council was not timely received. Further, although the opposition brief states that counsel did not receive the letter from the Appeals Council until June 6, 2017, there are no allegations that Marty, who was also admittedly mailed a copy of the letter, did not receive the letter within the presumptive five days. Moreover, counsel's statement as to when he received the letter, alone, is insufficient to rebut the presumption of receipt within five days. *See Garcia*, 53 F. App'x at 194 (holding that the attorney's own affidavits of no actual notice until a certain date did not rebut the presumption of timely receipt).

[6] Neither August 3, 2017, nor August 4, 2017, were legal holidays. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day for filing is "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[7] The "mailbox rule" does not apply to this case because Marty is not incarcerated and, also, is represented by counsel. *See Harriott v. City of Wilkes Barre*, 640 F. App'x 191, 193 n.1 (3d Cir. 2016) (determining that a plaintiff that is not incarcerated in not entitled to the "mailbox rule"); *Smith v. Overmyer*, No. 16-4762, 2018 U.S. Dist. LEXIS 15818, at *5 n.1 (E.D. Pa. Jan.

Complaint was not delivered to the clerk of court until August 7, 2017, four days after the expiration of the sixty-day period of limitations. *See Schaeffer v. Chater*, No. 95-3503, 1996 U.S. Dist. LEXIS 5325, at *3-4 (E.D. Pa. Apr. 17, 1996) (determining that the action brought pursuant to § 405(g) was not filed until the clerk received the plaintiff's complaint and petition to proceed in forma pauperis on June 2, regardless of the fact that they were mailed on May 31, and dismissing the complaint as untimely because it was filed two days after the expiration of the sixty-day period).

Finally, Marty asks this Court to equitably toll the statute of limitations based on his medical condition, indigent status, lack of transportation and permanent residence, and the difficulty this has caused him in returning documents to counsel for filing. *See* Opp. 5-6.

The limitations period prescribed by § 405(g) is subject to equitable tolling. *Bowen*, 476 U.S. at 480. There are three principal bases for applying the doctrine of equitable tolling:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). "Equitable tolling should be rare and applied sparingly." *Falcone v. Berryhill*, No. 3:16cv1705, 2017 U.S. Dist. LEXIS 84452, at *9 (M.D. Pa. June 2, 2017). *See also Bowen*, 476 U.S. at 481 (holding that tolling, "in the rare case . . ., does not undermine the purpose of the 60-day limitations period when viewed in connection with the underlying statute"). A "plaintiff bears the burden of establishing that equitable tolling applies." *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

---

29, 2018) (concluding that the "mailbox rule" does not apply if the prisoner is represented by counsel).

Although Marty's medical condition and indigency are unfortunate, they are not sufficient to justify equitable tolling. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). His circumstances are also not necessarily rare in the social security context. *See Bowen*, 476 U.S. at 469-70 (explaining that the Social Security Disability Insurance Program pays benefits to disabled persons who have contributed to the program and who suffer from a mental or physical disability, and the Supplemental Security Income Program provides benefits to indigent disabled persons). Additionally, the fact that counsel mailed the Complaint within the statute of limitations instead of delivering it to the district court shows that Marty was not "in some extraordinary way" prevented from asserting his rights. *See Schaeffer*, 1996 U.S. Dist. LEXIS 5325, at *4 ("The fact that the Complaint was mailed within the limitations period is insufficient to justify tolling, particularly since Plaintiff was represented by counsel at all relevant times.").

## V. CONCLUSION

Marty, through counsel, filed his Complaint pursuant to § 405(g) after the sixty-day statute of limitations had expired. Because he has not shown that equitable tolling applies, the Complaint is dismissed as untimely. The Motion to Dismiss is granted.

A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
